UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERALD J. DEMENNA, individually and d/b/a CHEM-CHEK CONSULTING,

    Plaintiff,

— against —

BUCK SCIENTIFIC, INC., ROBERT J. ANDERSON, and ERIC ANDERSON,

    Defendants.

---

CIVIL ACTION
07 CV 6240 (LAP)
CASE NO. ~~07 CV 6420 LAP~~

**AFFIDAVIT OF
JOEL J. REINFELD, ESQ.
IN SUPPORT OF
TEMPORARY
RESTRAINING ORDER AND
<u>PRELIMINARY INJUNCTION</u>**

STATE OF NEW JERSEY  )
                               ) ss.
COUNTY OF BERGEN     )

JOEL J. REINFELD, being duly sworn, does hereby depose and say:

1.    I am of counsel to the law firm of FISCHER PORTER & THOMAS, P.C., attorneys for the Plaintiff Gerald J. DeMenna in this action. As such, I am fully familiar with the facts and circumstances set forth herein.

2.    I make this Affidavit in Support of Plaintiff's Order to Show Cause seeking an Order of this Court temporarily restraining and preliminarily enjoining the Defendants, during the pendency of this action, from:

    a.    publishing, distributing, and/or rendering any statement concerning the purported basis for Plaintiff's termination of services fro Buck Scientific, except in response to written request for same by a third-party seeking references with regard to hiring the Plaintiff;

    b.    voluntarily contacting any third-party for the purpose of publishing, distributing, and/or rendering any statement concerning the Plaintiff and/or his performance of the services for which Buck Scientific engaged him;

c.  reviewing, accessing, copying, disseminating, and/or utilizing in any manner the confidential and proprietary information that had been stored on Plaintiff's personal computers on or before June 18, 2007:

3. This action stems from the Defendants' acts in terminating Plaintiff's independent contractor relationship with defendant Buck Scientific, Inc. and their actions subsequent to that termination on June 18, 2007. The facts and circumstances surrounding those acts is set forth in detail in the accompanying Affidavit of Plaintiff Gerald J. Demenna.

4. *Ex parte* relief is warranted in this action based on the exchange of correspondence between this law firm and the firm representing defendants Buck Scientific and Robert Anderson.

5. On June 26, 2007, Arthur L. Porter, Jr. transmitted a "Cease and Desist" demand to Buck Scientific and Robert Anderson. (A copy of that correspondence is annexed hereto as Exhibit K.)

6. In response, on June 27, 2007, defendants' law firm, OWENS, SCHINE & NICOLA, P.C. responded that the defendants' personal attorney was on vacation and that he would respond when he returned sometime during the week if July 2nd. (A copy of that correspondence is annexed hereto as Exhibit L.) Clearly this complete lack of responsiveness is indicative of defendants' attitude that this matter is not important to them.

7. However, as set forth in the accompanying Affidavit of Gerald J. DeMenna, the defendants' action have and continue to cause him irreparable damage and Defendants' refusal to even consider Plaintiff's request at this point in time, clearly justifies the issuance of *ex parte* relief herein.

8. Rule 65(c) of the Federal Rules of Civil Procedure ("FRCP") states, in relevant part:

> No restraining order or preliminary injunction shall issue except upon the giving of a security by the applicant, in such sums as the court deems proper for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

9. It is respectfully submitted that no security should be required in this action.

10. As set forth in detail in the accompanying Affidavit of Gerald J. Demenna, Defendants forcibly retained Plaintiff's personal property on June 18, 2007 upon the pretext of requiring him to return equipment that he had been permitted to utilize for demonstration purposes. The pretext was revealed by the evidence of Defendants unlawful access and utilization of Plaintiff's personal computers, destroying and deleting programs and data files, as well as the unlawful transfer of his electronic mail to defendant Eric Anderson's e-mail address.

11. Plaintiff's application seeks to prevent Defendants from using, or disseminating this unlawfully obtained information.

12. Additionally, Plaintiff's application seeks to prevent Defendants from their unwarranted personal attacks on his character and reputation. While your affirmant acknowledges that an employer is entitled to respond to inquiries concerning a former employees job performance, provided such response is honestly rendered, there is absolutely no legal justification for Defendants publication of their unfounded accusations against the Plaintiff. Nor is there any demonstrable need for such publication.

13. As FRCP 65 clearly states, the purpose for requiring a security as a condition of the issuance of temporary restraints or a preliminary injunction is to provide a source of funds if the restrained and/or enjoined party suffers any damages as a result. As clearly set forth herein and in

3

the accompanying affidavit of that plaintiff, Defendants will suffer no damages from the relief requested herein.

14. Accordingly, it is hereby requested that this Court grant Plaintiff's instant application, without requiring the Plaintiff to post security of any amount.

15. No previous application for the relief requested herein has been made to this or any other court.

_____
JOEL J. REINFELD

Sworn to before me
this 5th day of July 2007.

_____
Notary Public

Laura Breare
Notary Public of New Jersey
My Commission Expires June 23, 2012

4

P:\DeMenna, Jerry\Pleadings\JJR Aff in Support of OSC for TRO.doc

EXHIBIT K


# FISCHER PORTER & THOMAS, P.C.
### ATTORNEYS AT LAW
440 SYLVAN AVENUE, SUITE 130
ENGLEWOOD CLIFFS, NJ 07632-2700
TELEPHONE: (201) 569-5959
TELECOPIER: (201) 871-4544
WWW.FPMTLAW.COM

JAY D. FISCHER
ARTHUR L. PORTER, JR.
ALAN C. THOMAS **
DONALD H. LARSEN **

MATTHEW L. SELDIN
DOMINICK MINERVINI ■
AARON E. ALBERT

COUNSEL

FREDERICK M. MINTZ *
ALAN P. FRAADE *

OF COUNSEL

EDDIE RAYNORD HADDEN **
HOWARD P. DAVIS
REENA FORST □
PETER H. TILEM ♦
BART J. EAGLE *
JOEL J. REINFELD

250 WEST 57TH ST., SUITE 1619,
NEW YORK, NY 10107-1606
TELEPHONE: (212) 545-1921
TELECOPIER: (212) 545-9102

155 NORTH MAIN ST.
NEW CITY, NY 10956-3850
TELEPHONE: (845) 708-0501
TELECOPIER: (845) 639-3202

2065 BOSTON POST RD.
LARCHMONT, NY 10536-3944
TELEPHONE: (914) 833-9785
FACSIMILE: (914) 833-9788

70 BLOOMFIELD AVENUE
PINE BROOK, NJ 07058-9737

\* N.Y. BAR ONLY
\*\* N.J. BAR ONLY
□ N.Y., N.J. & D.C. BARS
■ N.J. & PA. BARS
♦ N.Y. & C.T. BARS

PLEASE RESPOND TO
ENGLEWOOD CLIFFS, NJ OFFICE

SENDER'S E-MAIL ADDRESS:
aporter@fpmtlaw.com

June 26, 2007

VIA: FACSIMILE, ELECTRONINC MAIL
and **CERTIFIED MAIL Return Receipt Requested**

Buck Scientific, Inc.
58 Fort Point Street
East Norwalk, CT 06855
Attn: Eric Anderson,
    Director of Sales and Marketing

Robert Anderson, Owner-President
39 Osborn Avenue
East Norwalk, CT 06855

RE: **Dr. Gerald J. DeMenna and Chem-Chek Consulting
v. Buck Scientific, Inc., Robert Anderson & Eric Anderson, et al.**

Gentlemen:

The law firm of Fischer, Porter & Thomas has been retained by Dr. Gerald J. DeMenna and Chem-Chek Consultants. The purpose of this letter is to demand that you each, personally and individually, as well as Buck Scientific, Inc., and your respective agents, representatives and employees, immediately cease and desist all libelous, slanderous, and defamatory communications to third parties with regard to Dr. Gerald J. DeMenna and Chem-Chek Consulting.

Specifically, you and Buck Scientific are directed to immediately cease and desist all false, fraudulent, libelous, slanderous and defamatory communications to third parties including, but not limited to, telephoning, e-mailing and faxing Independent Sales Representatives, private original equipment manufacturers and suppliers, and Dr. DeMenna and Chem-Chek Consulting's customers. At this juncture, although the amount may be difficult to determine, your wrongful conduct has already resulted in substantial monetary damages to Dr. DeMenna and Chem-Chek.

It has also come to our attention that you have illegally used copyrighted, trademarked, service marked, and other protected intellectual property belonging to Dr. DeMenna without his permission.

P:\DeMenna, Jerry\Correspondence\Andersons ltr, cease and desist 6-26-07 (v2).wpd

FISCHER PORTER & THOMAS, P.C.

Robert Anderson & Eric Anderson
June 26, 2007
Page 2

We hereby demand the you immediately cease and desist in th use, marketing, advertising, copying, distributing, promoting and selling of any material related to FUN-SCIence Academics material. This is property is owned by my clients, which you have no right to utilize Dr. DeMenna's property any manner. This property includes, but is not limited to, the Laboratory Procedures for the FUNSCI-AA, FUNSCI-IR, FUNSCI-LC, FUNSCI-GC, FUNSCI-UV, FUNSCI-VIS and FUNSCI-FL programs, and the trademarked "Spectroscopy Lab Coat". Said property also includes th documentation contained within the electronic file "EDU-PACK2007.doc.," which references Dr. DeMenna's FUN-SCIence Academic program, lists the experiment, defines the Educational Department Disciplines and presents a series of FUN-SCIence Protocols addressing the Life Sciences market.

We further demand the return of the TREO-700P PDA-Cellphone containing a 2GB Memory Card belonging to Dr. DeMenna, along with his personal contact list, calendar and e-mail; all the programs, software and date files copied, deleted or corrupted from his personal computers while in your illegal possession, and; all e- mails that were illegally forwarded to the BUCK Scientific Company.

As a direct result of your wrongful conduct, Dr. DeMenna and Chem-Chek Consulting have suffered compensable damages for your interference with their business relations and prospective economic advantage, commercial defamation and slander, libel, slander and defamation, the conversion of Dr. DeMenna's personal and business property, not to mention damages for the incident that occurred last Monday, June 18, 2007.

Unless I receive written confirmation that wrongful conduct has stopped and will not continue, an accounting of all improper communications to third parties, the return of all personal property, a cease and desist agreement and a payment of $250,000.00 to compensate my client for the damages suffered to date, and an apology letter, by Wednesday, June 27th at noon, my client will have no choice but to institute litigation, without further notice.

This letter is without prejudice as to any and all rights, claims and privileges that my client has against Buck Scientific, Inc., Robert Anderson, Eric Anderson, and others, and all rights are herein reserved.

Very truly yours,

Arthur "Scott" L. Porter, Jr., Esq.

ALP/jnr

cc:   Dr. Gerald J. DeMenna

EXHIBIT L

## OWENS, SCHINE & NICOLA, P.C.

ATTORNEYS AND COUNSELORS AT LAW

| | | |
|---|---|---|
| HOWARD T. OWENS (1926-1986)<br>EDWARD SCHINE (1928-1983)<br><br>ROBERT J. BERTA<br>DANIEL F. CARUSO<br>ANTHONY M. GUERRERA<br>STACEY D. LAFFERTY<br>ROBERT J. NICOLA<br>HENRY A. PERLES †<br>JOSEPH A. SICILIANO<br><br>OF COUNSEL<br>JOHN F. FALLON<br><br>† ALSO ADMITTED IN NEW YORK | 799 SILVER LANE<br>P.O. BOX 753<br>TRUMBULL, CONNECTICUT 06611-0753 | TELEPHONE (203) 375-8600<br>FACSIMILE (203) 375-5003<br>WEB SITE: OSN-PC.COM<br><br>FAIRFIELD OFFICE<br>53 SHERMAN STREET<br>FAIRFIELD, CONNECTICUT 06824<br><br>Email RJN@OSN-PC.COM<br>SENDER'S EXT.  3021 |

June 27, 2007

**VIA FACSIMILE** (201) 871-4544
Arthur L. Porter, Jr., Esq.
Fischer, Porter & Thomas, P.C.
440 Sylvan Avenue, Suite 130
Englewood Cliffs, NY 07632-2700

**Re: DeMenna and Chem-Chek Consulting v. Buck Scientific, Inc., et al**

Dear Attorney Parker:

Please be advised that Robert J. Nicola of this office represents Buck Scientific, Inc. and Robert Anderson.

This letter is to acknowledge receipt of a copy of yours dated June 26, 2007 addressed to Buck Scientific, Inc. and Robert Anderson. Attorney Nicola is on vacation this week and will respond to your letter the week of July 2, 2007.

Very truly yours,

*Linda Donofrio*

Linda Donofrio
Legal Assistant to Robert J. Nicola