UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
GERALD J. DEMENNA, individually      :
and d/b/a CHEM-CHEK CONSULTING,      :
                                     :
                Plaintiffs,          :
                                     :  07 CV 6240 (LAP)
     -against-                       :
                                     :  **ANSWER TO**
BUCK SCIENTIFIC, INC., ROBERT J.     :  **AMENDED COMPLAINT**
ANDERSON, and ERIC ANDERSON,         :  **AND COUNTERCLAIMS**
                                     :
                Defendants.          :
                                     :
------------------------------------x
                                     :
BUCK SCIENTIFIC, INC.,               :
                                     :
         Counterclaim Plaintiff,     :
                                     :
     -against-                       :
                                     :
GERALD J. DEMENNA and CHEM-CHEK      :
CONSULTING, INC.,                    :
                                     :
         Counterclaim Defendants.    :
                                     :
------------------------------------x

Defendants Buck Scientific, Inc. ("Buck Scientific"), Robert J. Anderson ("Robert Anderson") and Eric Anderson, by their attorneys, Law Offices of George P. Birnbaum, for their Answer and Counterclaims to plaintiff's amended complaint (the "Amended Complaint"), hereby admit, deny and allege as follows:

1-2. Deny the allegations in paragraphs 1 and 2 of the Amended Complaint, except admit that plaintiffs purport to seek relief and bring the Amended Complaint on the theories contained therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint.

5. Admit the allegations in paragraph 5 of the Amended Complaint.

6. Admit the allegations in paragraph 6 of the Amended Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

8. Deny the allegations in paragraph 8 of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Admit the allegations in paragraph 11 of the Amended Complaint.

12. Admit the allegations in paragraph 12 of the Amended Complaint.

13. Admit the allegations in paragraph 13 of the Amended Complaint, except deny Robert Anderson's residence, which is 120 Old Saugatuck Road, East Norwalk, Connecticut.

14. Admit the allegations of the first sentence of paragraph 14 of the Amended Complaint, but deny the allegations in second sentence of paragraph 14 of the Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint, except admit that Dan Willoughby has served as an independent sales representative for Buck Scientific.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint, except admit that, in or prior to 1992, Buck Scientific discussed entering into a consultancy relationship with plaintiff Gerald DeMenna ("DeMenna").

19. Admit the allegations in the first sentence of paragraph 19 of the Amended Complaint, but deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 19, and while admitting that DeMenna's consultancy with Buck Scientific was non-exclusive with respect to endeavors which were not in competition with Buck Scientific, deny that DeMenna could consult for Buck Scientific while working for a direct competitor.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint, except admit that DeMenna received the stated weekly stipend, percentage of sales and reimbursement of travel expenses.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22. Deny the allegations in paragraph 22 of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint, except admit that DeMenna became involved in the referenced transaction.

24. With respect to paragraph 24 of the Amended Complaint, admit that DeMenna became involved in the referenced transaction, but deny that paragraph 24 accurately or fully describes the transaction or DeMenna's involvement.

25. With respect to paragraph 25 of the Amended Complaint, admit that DeMenna became involved in the referenced transaction, but deny that paragraph 25 accurately or fully describes the transaction or DeMenna's involvement.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, but deny that paragraph 26 accurately or fully describes the transaction or DeMenna's involvement.

27. Deny the allegations in paragraph 27 of the Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint, except admit that defendant Eric Anderson had dealings with agents of the Federal government concerning the referenced transaction and aver that Buck Scientific complied fully with the instructions of such agents.

30. Admit the allegations in paragraph 30 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 that no other Buck Scientific personnel were "on site" at that time.

31. Admit the allegations in paragraph 31 of the Amended Complaint.

32. Admit the allegations in paragraph 32 of the Amended Complaint, except deny plaintiff "attempted to explain the situation" to defendant Eric Anderson, deny that defendants "refused to listen" and deny the

implication that Buck Scientific had any obligation to allow DeMenna to oppose the termination of his consultancy.

33. Deny the allegations in paragraph 33 of the Amended Complaint.

34. Deny the allegations in paragraph 34 of the Amended Complaint, except admit that DeMenna was told that when he returned the substantial number of pieces of Buck Scientific property in his possession, he would be allowed to remove from the premises of Buck Scientific certain computers and other items DeMenna purported to own.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint.

36. Deny the allegations in paragraph 36 of the Amended Complaint, except admit that defendant Robert Anderson retained the keys to DeMenna's automobile when DeMenna was given the keys to a Buck Scientific truck to allow DeMenna to collect and return Buck Scientific property.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint, except admit that DeMenna brought a Connecticut police officer to Buck Scientific on or after

June 19, 2007, to supervise the parties' exchange of property.

38.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint, except admit that DeMenna brought a Connecticut police officer to Buck Scientific on or after June 19, 2007, to supervise the parties' exchange of property, and that the parties executed the lists of property prepared by DeMenna.

39.  Deny the allegations in paragraph 39 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the contents contained on the "memory card" referred to.

40.  Deny the allegations in paragraph 40 of the Amended Complaint, except respectfully refer this Court to the referenced correspondence for its recipients and contents.

41.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint, except admit that Buck Scientific deleted files containing Buck Scientific's proprietary and Company-created operating system software to prevent

DeMenna's further use of and/or improper licensing of Buck Scientific's software.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint, except admit that on or after June 18, 2007, defendants attempted to retrieve at least some of the proprietary business information belonging to Buck Scientific, Inc. from DeMenna's possession.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint.

45. Repeat and reallege their answers to the allegations in paragraphs 1 through 44 of the Amended Complaint as if fully set forth at length herein.

46. Admit the allegations in paragraph 46 of the Amended Complaint, but deny any employer-employee relationship.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint.

49. Deny the allegations in paragraph 49 of the Amended Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint.

51. For their response to the allegations in paragraph 51 of the Amended Complaint, admit that defendants terminated plaintiff's consultancy in June of 2007, but deny that such termination had any relationship to any purported Federal investigation.

52. Admit the allegations in paragraph 52 of the Amended Complaint.

53. Deny the allegations in paragraph 53 of the Amended Complaint.

54. Deny that DeMenna is entitled to the relief sought by paragraph 54 of the Amended Complaint.

55. Repeat and reallege their answers to the allegations in paragraphs 1 through 54 of the Amended Complaint as if fully set forth at length herein.

56. For their answer to paragraph 56 of the Amended Complaint, respectfully refer this Court to the referenced

documents and their context for the force and effect thereof.

57. For their answer to paragraph 57 of the Amended Complaint, respectfully refer this Court to the referenced documents and their context for the force and effect thereof.

58. For their answer to paragraph 58 of the Amended Complaint, respectfully refer this Court to the referenced documents and their context for the force and effect thereof.

59. For their answer to paragraph 59 of the Amended Complaint, respectfully refer this Court to the referenced documents and their context for the force and effect thereof, but deny that the quoted correspondence is slanderous.

60. For their answer to paragraph 60 of the Amended Complaint, respectfully refer this Court to the referenced documents and their context for the force and effect thereof.

61. Deny the allegations in paragraph 61 of the Amended Complaint.

62. Deny the allegations in paragraph 62 of the Amended Complaint.