63.  Deny the allegations in paragraph 63 of the Amended Complaint.

64.  Deny the allegations in paragraph 64 of the Amended Complaint.

65.  Deny that DeMenna is entitled to the relief sought by paragraph 65 of the Amended Complaint.

66.  Repeat and reallege their answers to the allegations in paragraphs 1 through 65 of the Amended Complaint as if fully set forth at length herein.

67.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint.

68.  Deny the allegations in paragraph 68 of the Amended Complaint.

69.  Deny the allegations in paragraph 69 of the Amended Complaint.

70.  Deny the allegations in paragraph 70 of the Amended Complaint.

71.  Deny that DeMenna is entitled to the relief sought by paragraph 71 of the Amended Complaint.

72.  Repeat and reallege their answers to the allegations in paragraphs 1 through 71 of the Amended Complaint as if fully set forth at length herein.

73.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Amended Complaint.

74.  Deny the allegations in paragraph 74 of the Amended Complaint.

75.  Deny the allegations in paragraph 75 of the Amended Complaint.

76.  Deny the allegations in paragraph 76 of the Amended Complaint.

77.  Deny the allegations in paragraph 77 of the Amended Complaint.

78.  Deny that DeMenna is entitled to the relief sought by paragraph 78 of the Amended Complaint.

79.  Repeat and reallege their answers to the allegations in paragraphs 1 through 78 of the Amended Complaint as if fully set forth at length herein.

80.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Amended Complaint.

81.  Deny the allegations in paragraph 81 of the Amended Complaint.

82.  Deny that DeMenna deserves the relief sought by paragraph 82 of the Amended Complaint.

83.  Repeat and reallege their answers to the allegations in paragraphs 1 through 82 of the Amended Complaint as if fully set forth at length herein.

84.  Deny the allegations in paragraph 84 of the Amended Complaint.

85.  Deny the allegations in paragraph 85 of the Amended Complaint.

86.  Deny the allegations in paragraph 86 of the Amended Complaint.

87.  Deny the allegations in paragraph 87 of the Amended Complaint.

88.  Deny that DeMenna is entitled to the relief sought by paragraph 88 of the Amended Complaint.

89.  Repeat and reallege their answers to the allegations in paragraphs 1 through 87 of the Amended Complaint as if fully set forth at length herein.

90-97.  The allegations in paragraphs 90 to 97 of the Amended Complaint (plaintiff's purported Seventh Cause of Action) are not responded to, since that Seventh Cause of Action does not contain any claim against these answering defendants.

98.  Repeat and reallege their answers to the allegations in paragraphs 1 through 97 of the Amended Complaint as if fully set forth at length herein.

14

99-103.  The allegations in paragraphs 99 to 103 of the Amended Complaint (plaintiff's purported Eighth Cause of Action) are not responded to, since that Eighth Cause of Action does not contain any claim against these answering defendants.

104.  Repeat and reallege their answers to the allegations in paragraphs 1 through 103 of the Amended Complaint as if fully set forth at length herein.

105.  Deny the allegations in paragraph 105 of the Amended Complaint.

106.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Amended Complaint.

107.  Deny the allegations in paragraph 107 of the Amended Complaint.

108.  Deny the allegations in paragraph 108 of the Amended Complaint.

109.  Deny the allegations in paragraph 109 of the Amended Complaint.

110.  Deny that DeMenna is entitled to the relief sought by paragraph 110 of the Amended Complaint.

### FOR A FIRST AFFIRMATIVE DEFENSE

111.  The Amended Complaint and/or its individual purported causes of action fail to state a claim for relief.

### FOR A SECOND AFFIRMATIVE DEFENSE

112.  This Court lacks personal jurisdiction over defendants Robert J. Anderson and Eric Anderson.

### FOR A THIRD AFFIRMATIVE DEFENSE

113.  The venue chosen by plaintiffs is improper.

### FOR A FOURTH AFFIRMATIVE DEFENSE

114.  The Court lacks subject matter jurisdiction.

### FOR A FIFTH AFFIRMATIVE DEFENSE

115.  Defendants were never under any obligation to continue plaintiff's consultancy.

### FOR A SIXTH AFFIRMATIVE DEFENSE

116.  Any statements made or actions taken by defendants were covered by one or more qualified privileges.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

117. DeMenna provoked his own purported injuries, if any, and such provocation, whether termed assumption of risk, contributory negligence or some other legal theory, bars any recovery by him.

#### FOR AN EIGHTH AFFIRMATIVE DEFENSE

118.   DeMenna's own fraud bars any recovery by him.

#### FOR A NINTH AFFIRMATIVE DEFENSE

119.   DeMenna's illegal acts bar any recovery by him.

#### FOR A TENTH AFFIRMATIVE DEFENSE

120.   DeMenna's claims are barred by the statute of
frauds.

#### FOR AN ELEVENTH AFFIRMATIVE DEFENSE

121.   DeMenna's claims are barred by the truth of the
statements at issue.

#### FOR A TWELFTH AFFIRMATIVE DEFENSE

122.   DeMenna's claims are barred by the counterclaims
of Buck Scientific, as stated below.

#### FOR A THIRTEENTH AFFIRMATIVE DEFENSE

123.   DeMenna's claims of unfair trade practices are
barred by the lack of consumer injury.

#### FOR A FOURTEENTH AFFIRMATIVE DEFENSE

124.   DeMenna's request for injunctive relief violates
the United States Constitution.

#### COUNTERCLAIMS

125.   Counterclaim plaintiff is Buck Scientific, Inc.

126.   Counterclaim defendant is Gerald J. DeMenna
("DeMenna").

17

FOR A FIRST COUNTERCLAIM
(For Conversion of Corporate Opportunities)

127.  Upon information and belief, commencing at a time unknown but continuing until at least June 18, 2007, counterclaim defendant DeMenna illegally converted to his own use and potential profit, and to the use and profit of at least one competitor of Buck Scientific, valuable corporate sales "leads" and other opportunities belonging to Buck Scientific, Inc.

128.  By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to be determined by this Court.

FOR A SECOND COUNTERCLAIM
(For Breach of Consultancy Agreement)

129.  Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 125 through 127 of the counterclaims.

130.  By his actions as aforesaid, counterclaim defendant has breached his consultancy agreement with Buck Scientific, including without limitation the obligations of good faith, fair dealing and loyalty owed to Buck Scientific by DeMenna.

18

131.  By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to be determined by this Court.

FOR A THIRD COUNTERCLAIM
(For Conversion of Buck Scientific's
Proprietary Business Information)

132.  Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 125 through 127 and 130 of the counterclaims.

133.  Upon information and belief, commencing at a time unknown but on or before June 18, 2007, and continuing to date, counterclaim defendant DeMenna has illegally converted to his own use and profit, certain proprietary business information owned by Buck Scientific.

134.  By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to be determined by this Court.

FOR A FOURTH COUNTERCLAIM
(For Injunctive Relief)

135.  Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 125 through 127, 130 and 133 of the counterclaims.

19

136.  Unless DeMenna is enjoined by this Court, preliminarily and permanently, from continuing to profit from his diversion of the corporate opportunities and his conversion of proprietary information belonging to Buck Scientific, Buck Scientific's business will be irreparably injured.

137.  Buck Scientific has no adequate remedy at law.

138.  By reason of the foregoing, counterclaim defendant DeMenna should be enjoined by this Court, both preliminarily and permanently, from any use of the corporate opportunities and proprietary business information of Buck Scientific.

WHEREFORE, defendants-counterclaim plaintiff demand judgment:

(a)  dismissing plaintiff's complaint, and for the costs and expenses of this action, including a reasonable attorney's fee;

(b)  for judgment on the first counterclaim against DeMenna in an amount to be determined by this Court;

(c)  for judgment on the second counterclaim against DeMenna in an amount to be determined by this Court;

(d)  for judgment on the third counterclaim against DeMenna in an amount to be determined by this Court;

(e)  for judgment on the fourth counterclaim against DeMenna enjoining him, both preliminarily and permanently, from using, selling, transferring or profiting from any corporate opportunity arising from Buck Scientific's proprietary business information or from such proprietary business information itself; and

(f)  for such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        August 1, 2007

LAW OFFICES OF GEORGE BIRNBAUM
Attorneys for Defendants/
Counterclaim Plaintiff

By: _____
    George P. Birnbaum [GPB 5375]
    Michael L. Ferch [MLF 6211]
    130 West 57th Street/#5B
    New York, New York 10019
    Telephone:  (212) 956-1313
    Facsimile:  (212) 956-4596


TO:  FISCHER, PORTER & THOMAS, P.C.
     Attorneys for Plaintiff-Counterclaim
     Defendant Gerald J. DeMenna
     440 Sylvan Avenue, Suite 130
     Englewood Cliffs, New Jersey 07632-2700
     Telephone:  (201) 569-5959
     Facsimile:  (201) 871-4544

21