UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
GERALD J. DEMENNA, individually      :   07 CV 6240 (LAP)
and d/b/a CHEM-CHEK CONSULTING,      :
                                     :
              Plaintiffs,            :
                                     :
     -against-                       :
                                     :
BUCK SCIENTIFIC, INC., ROBERT J.     :
ANDERSON, and ERIC ANDERSON, and     :
DAN WILLOUGHBY, individually and     :
d/b/a D&N SCIENTIFIC,                :
                                     :
              Defendants.            :
                                     :
------------------------------------x
                                     :
BUCK SCIENTIFIC, INC.,               :
                                     :
         Counterclaim Plaintiff,     :
                                     :
     -against-                       :
                                     :
GERALD J. DEMENNA,                   :
                                     :
         Counterclaim Defendant.     :
                                     :
------------------------------------x

              **MEMORANDUM OF LAW IN OPPOSITION TO
              PLAINTIFF'S MOTION FOR PRELIMINARY
              INJUNCTION AND IN SUPPORT OF
              DEFENDANTS' CROSS-MOTION FOR A
              <u>PRELIMINARY INJUNCTION AGAINST PLAINTIFF</u>**

Table of Contents

                                                                    Page

Facts......................................................... 2

Argument...................................................... 3

I.  PLAINTIFF'S MOTION FOR A PRELIMINARY
    INJUNCTION MUST BE DENIED................................. 3

    A.  Plaintiff Cannot Show Irreparable Harm.............. 3

        1.  Plaintiff's First Two Requested
            Injunctive Orders Constitute
            an Impermissible Restraint on
            Defendants' Speech.......................... 4

        2.  Plaintiff Has Failed to Show
            Irreparable Harm Is Imminent
            Regarding the Use of Information
            From His Computers.......................... 6

    B.  Plaintiff Cannot Show a Likelihood
        of Success on the Merits, or that the
        Balance of Hardships Favors Plaintiff............ 7

    C.  The Few Court Decisions Plaintiff
        Relies Upon Are Easily Distinguishable........... 9

    D.  Plaintiff's Alleged Personal Information
        Is Company Property, and, at Minimum,
        the Company Should Be Allowed to Copy
        Such Information to Be Reviewed by Its
        Attorneys for Evidence in This Lawsuit........... 13

II. DEFENDANTS' CROSS-MOTION FOR PRELIMINARY
    INJUNCTION SHOULD BE GRANTED............................. 14

    A.  The Company Will Be Irreparably
        Harmed If Plaintiff is Allowed to
        Keep and Continue to Use the
        Company's Customer List.......................... 15

i

Table of Contents (Cont'd).

|   |   | Page |
|---|---|---|
| B. | The Company Is Likely to Succeed on the Merits............................ | 17 |
| C. | The Balance of Hardships Weighs In the Company's Favor....................... | 17 |
| Conclusion............................................. | | 18 |

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
GERALD J. DEMENNA, individually     :  07 CV 6240 (LAP)
and d/b/a CHEM-CHEK CONSULTING,     :
                                    :
              Plaintiffs,           :
                                    :
   -against-                        :
                                    :
BUCK SCIENTIFIC, INC., ROBERT J.    :
ANDERSON, and ERIC ANDERSON, and    :
DAN WILLOUGHBY, individually and    :
d/b/a D&N SCIENTIFIC,               :
                                    :
              Defendants.           :
                                    :
------------------------------------x
                                    :
BUCK SCIENTIFIC, INC.,              :
                                    :
       Counterclaim Plaintiff,      :
                                    :
   -against-                        :
                                    :
GERALD J. DEMENNA,                  :
                                    :
       Counterclaim Defendant.      :
                                    :
------------------------------------x
```

        **MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION AND IN SUPPORT OF
DEFENDANTS' CROSS-MOTION FOR A
<u>PRELIMINARY INJUNCTION AGAINST PLAINTIFF</u>**

      Defendant/Counterclaim plaintiff Buck Scientific, Inc. (hereinafter, "Buck Scientific" or the "Company"), defendants Robert J. Anderson and Eric Anderson

respectfully submit this memorandum of law in opposition to the motion of plaintiff Gerald DeMenna ("DeMenna") for a preliminary injunction and in support of defendants' cross-motion for a preliminary injunction against DeMenna preventing plaintiff DeMenna from using, utilizing, selling, transferring, disseminating or otherwise deriving any profit from any information or data in DeMenna's possession, custody and control, whether in hard copy or electronic or some other format, which lists, concerns or relates to Buck Scientific's customers, customer prospects or business affairs.

## Facts

The facts are set forth in the affidavit of defendant Eric Anderson, sworn to August 1, 2007, and will not be repeated here. If the Court wants a short-hand way of seeing what this case is really about -- Gerald DeMenna's betrayal of Buck Scientific, which paid DeMenna many hundreds of thousands of dollars -- the Court is respectfully referred to Exhibit "G" to Eric Anderson's affidavit.

Argument

I.

PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION MUST
BE DENIED.

For DeMenna to prevail on his motion for a preliminary injunction, he must establish both that he will suffer "irreparable harm," and that either he is likely to succeed on the merits or that, having raised serious litigation issues, the "balance of hardships" tips in his favor. See, North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38, 43 (2d Cir. 1999) (citations omitted). Here, plaintiff has not established any of the above-stated requisites for injunctive relief.

A. Plaintiff Cannot Show Irreparable Harm.

Irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction," Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990), and must be "imminent, not remote or speculative [citation omitted], and the alleged injury must be one incapable of being fully remedied by monetary damages." Id.

Although DeMenna's complaint and affidavit generically allege the threat of lost business "opportunities" and the

3

termination of DeMenna's (unspecified) "contracts and/or agreements" -- <u>speculative</u> damages, at best, and, if identified, ones for which monetary damages, such as lost profits, can be determined -- the single specific example he cites is that a company called MeasureNet wants to re-negotiate his contract. This is not sufficient to justify -- which is what DeMenna's requested injunction seeks -- a prior restraint of Buck Scientific's free speech.

1. Plaintiff's First Two Requested Injunctive Orders Constitute an Impermissible Restraint on Defendants' Speech.

Plaintiff asks this Court to enjoin Buck Scientific from "publishing, distributing and/or rendering any statement [concerning why the Company terminated its relationship with DeMenna]" and "voluntarily contacting any third-party for the purpose of publishing, distributing and/or rendering any statement [concerning why the Company terminated its relationship with DeMenna]" (Order to Show Cause, paras. "a" and "b").

In essence, plaintiff asks this Court to order Buck Scientific not to discuss or explain to its representatives, clients and suppliers -- its key business relationships -- its truthful reason for why a long-time independent consultant is no longer working with Buck

4

Scientific. This would constitute an impermissible prior restraint of speech or expression.[1] A prior restraint of speech is:

> "subject to a 'heavy presumption against its constitutional validity.' (citations omitted). In addition to this constitutional concern, the long-standing rule in this Circuit is that equity will not enjoin threatened libel or defamation since there are <u>adequate legal remedies available for damages arising from harmful speech</u>. (citations omitted)."

<u>Donini Int'l, S.p.A. v. Satec (U.S.A.) LLC</u>, No. 03 Civ. 9471 (CSH), 2004 WL 1574645 at *7 (S.D.N.Y., July 13, 2004) (emphasis added) (a copy of which is attached hereto) (defendant trade magazine not enjoined from criticizing plaintiff's dry cleaning machine that broke at a trade show; plaintiff claims break was minor and defendant wrote that the machine "exploded"). Since the courts are clear that there are adequate monetary remedies for defamation other than injunctive relief, <u>a</u> <u>fortiori</u>, DeMenna cannot

---

[1] It is rare that a Court in this jurisdiction issue a preliminary injunction regarding speech unless a defendant has <u>invaded</u> plaintiff's privacy or <u>forced</u> a disparaging message upon someone. <u>See</u>, <u>Bihari v. Gross</u>, 119 F.Supp.2d 309, 324-27 (S.D.N.Y. 2000) (no preliminary injunction against defendant that maintained a website that described alleged fraud and questionable business practices of plaintiff). Neither of these extreme fact situations is even hinted at here.

establish that he has no adequate remedy at law, the legal rubric for "irreparable injury."

Here, DeMenna only alleges that Buck Scientific did nothing more than send a statement to a limited number of known suppliers, clients or sales representatives as a form of "damage control" (Anderson Aff., para. 32) -- in an attempt to curtail any further damage from DeMenna's blatant attempt to divert sales from Buck Scientific (while taking the Company's money). Anderson Aff., paras. 30-32 and the Exhibits thereto.

Since even a potential libelous statement (and, of course, as yet there is no proof that any statement of Buck Scientific <u>was</u> libelous) cannot serve as the basis for a preliminary injunction, plaintiff has not met the heavy burden of showing the "irreparable harm" necessary for this Court to enjoin Buck Scientific from speaking out to protect its own interests.

2. <u>Plaintiff Has Failed to Show Irreparable Harm Is Imminent Regarding the Use of Information From His Computers.</u>

DeMenna also claims he will suffer irreparable harm if the "confidential and proprietary information" contained on his computers is utilized by Buck Scientific. First, there has not been any "use" of such information alleged, nor

6

does plaintiff anywhere in his moving papers set forth a basis for the belief that "Buck Scientific" intends to use such information at all (outside of this lawsuit), let alone to DeMenna's harm or detriment. Second, nowhere does DeMenna establish with the requisite specificity that the information is not Buck Scientific's to begin with, i.e., Buck Scientific's own proprietary customer list, "leads," and e-mail correspondence which will be pertinent to this lawsuit.

Finally, even if the Court finds that DeMenna will suffer imminent, irreparable harm should Buck Scientific use his unspecified "confidential and proprietary information" on the telephone card at issue, plaintiff has not established the likelihood of his success, or a balance of hardships decidedly in his favor, as discussed below.

B. Plaintiff Cannot Show a Likelihood of Success on the Merits, or that the Balance of Hardships Favors Plaintiff.

First, based on the papers submitted by Buck Scientific, and in contrast to plaintiff's papers, it is clear that the "balance of hardships" favors Buck Scientific. DeMenna has not set forth evidence sufficient to show the likelihood that the allegations in his Amended Complaint will succeed: DeMenna speaks of (1) "injury"

7