the memory card to see if it contains evidence in this lawsuit.

Based on the foregoing, DeMenna has not provided an adequate foundation for his motion for a preliminary injunction, which should be denied in its entirety.[2]

## II.
### DEFENDANTS' CROSS-MOTION FOR PRELIMINARY INJUNCTION SHOULD BE GRANTED.

By contrast, based on the affidavit of Eric Anderson and the exhibits attached thereto, Buck Scientific has demonstrated that DeMenna attempted to pilfer customer business from Buck Scientific, and should be restrained from continuing to do so using the proprietary business information of Buck Scientific -- customer "leads" and names -- still in his possession.  See, Anderson Aff., paras. 30-39.  To allow DeMenna to continue to divert Buck Scientific's business would constitute "irreparable harm" because Buck Scientific may never have any idea of the sales it is losing.  The facts of DeMenna's conduct also

---

[2] Alternatively, as to the third section of the preliminary injunction requested by DeMenna, Buck Scientific has no interest in using any of DeMenna's purported information on the telephone card for any purpose other than this lawsuit. Evidence on that phone card must be preserved and accessible to Buck Scientific's lawyers.

14

show that Buck Scientific is likely to succeed on the merits on its counterclaims, and that the balance of hardships favors the Company. See, North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38, 43 (2d Cir. 1999)(citations omitted).

A.  The Company Will Be Irreparably
    Harmed If Plaintiff is Allowed to
    Keep and Continue to Use the
    Company's Customer List.

"Irreparable harm" is presumed where a trade secret has been misappropriated. See, FMC Corp v. Taiwan Tainan Giant Indus. Co., Ltd., 730 F.2d 61, 63 (2d Cir. 1984) (loss of a trade secret is "lost forever" and money damages are inadequate), and a customer list can constitute a trade secret. See, Cardiocall v. Serling and EKG Prof'ls, Inc., No. CV 06-6128, 2007 WL 1791643 at *7 (E.D.N.Y., June 18, 2007) (a copy of which is attached hereto), citing North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38, 44 (2d Cir. 1999).

Here, Buck Scientific incontestably possesses a trade secret in its customer list, business "leads," and other potential sales information (all as set forth in the Anderson Aff., paras. 30-36). That information is proprietary and cost Buck Scientific significant time and effort to obtain and DeMenna has used it and still could

15

use that information to his profit and the Company's irreparable harm if he is not enjoined. See, Integrated Cash Mgmt. Servs. Inc. v. Digital Transactions, Inc., 920 F.2d 171, 173 (2d Cir. 1990).

DeMenna's own emails show that he was taking the inquiries of Buck Scientific's customers and trying to divert them, to his own greater profit, to Edu-Chem Innovations ("Edu-Chem"), Anderson Aff., Exhibit "G". Now DeMenna, who retains at least a portion of this information in his possession, must be enjoined from utilizing this proprietary information, as he has actually done in the past, to attempt to deprive the Company of its sales revenue.

Buck Scientific's customer "leads" came about, in part, from industry conferences and events which the Company paid to attend. Eric Anderson estimates that the generation of each such "lead" cost, on average, approximately $100, totaling thousands of dollars of value to the Company. See, Anderson Aff., para. 38.

Should the information remain in the possession of DeMenna without any restraint on its use, DeMenna will surely continue use Buck Scientific's own, carefully-acquired "customer leads" to solicit Buck Scientific's own customers. See, Cardiocall, supra, at **7-8 (citations

16

omitted). It can also constitute "unfair competition" if DeMenna is allowed to continue to utilize Buck Scientific's customer list to compete with the Company. See, Vision Specialty Food Prods., Inc. v. Ultimate Gourmet, LLC, No. 01 CIV. 3497 (LMM), 2001 WL 1506008 at *5 (S.D.N.Y., Nov. 26, 2001) (a copy of which is attached hereto) (court found unfair competition claim lies where employee "misappropriates and exploits [employer's] confidential information" in breach of relationship of trust). Accordingly, Buck Scientific's cross-motion should be granted here, since DeMenna has already shown himself to have breached his duty of good faith owed to the Company while he was still a highly-paid consultant! See, Anderson Aff., Exhibit "G".

B. The Company Is Likely to Succeed on the Merits.

As demonstrated in the affidavit of Eric Anderson, and as proven by DeMenna's own words to a Buck Scientific customer in which DeMenna tried to take the business away from Buck and divert it to Edu-Chem, a competitor of the Company with which DeMenna had or has a financial arrangement (see, Anderson Aff., Exhibit "G"), Buck Scientific is more than "likely" to support the allegations

17

of its counterclaims against DeMenna and thereby succeed on the merits of its claims.

C.  The Balance of Hardships Weighs In the Company's Favor.

If DeMenna is not enjoined from utilizing Buck Scientific's customer list and "leads", Buck Scientific will suffer imminent, serious and irreparable harm due to DeMenna's continued access to, and use of, information regarding the client relationships the Company has developed and nurtured over the years, including the "leads" to business which Buck Scientific has painstakingly acquired.

DeMenna has demonstrated that if he is allowed to use this information freely, whether personally or in conjunction with Edu-Chem or some other company, DeMenna will place the Company at an even greater disadvantage, and in peril of losing even more of its customer base than DeMenna was able to siphon off to Edu-Chem before he was caught and his consultancy terminated.

The balance of hardships, accordingly, weighs heavily in favor of Buck Scientific. DeMenna will not suffer any cognizable legal hardship from not being allowed to continue his improper diversion of Buck Scientific's

customers, and he should be enjoined from utilizing the proprietary customer information at issue.

### Conclusion

DeMenna's request for preliminary injunction should be denied, and Buck Scientific's cross-motion for a preliminary injunction should be granted.

Dated:  New York, New York
        August 2, 2007

                          Respectfully submitted,

                          LAW OFFICES OF GEORGE BIRNBAUM

                          By: _____
                              George P. Birnbaum [GB-5375]
                              Michael L. Ferch [MF-6211]
                              Attorneys for Defendants/
                              Counterclaim Plaintiff
                              130 West 57th Street/#5B
                              New York, New York 10019
                              (212) 956-1313

TO:  FISCHER PORTER & THOMAS, P.C.
     Attorneys for Plaintiff
     440 Sylvan Avenue, Suite 130
     Englewood Cliffs, New Jersey 07632
     (201) 569-5959