UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
GERALD J. DEMENNA, individually     :
and d/b/a CHEM-CHEK CONSULTING,     :
                                    :
                Plaintiffs,         :
                                    :   07 CV 6240 (LAP)
        -against-                   :
                                    :   **ANSWER TO SECOND**
BUCK SCIENTIFIC, INC., ROBERT J.    :   **AMENDED COMPLAINT**
ANDERSON, and ERIC ANDERSON,        :   <u>**AND COUNTERCLAIMS**</u>
                                    :
                Defendants.         :
                                    :
------------------------------------x
                                    :
BUCK SCIENTIFIC, INC.,              :
                                    :
        Counterclaim Plaintiff,     :
                                    :
        -against-                   :
                                    :
GERALD J. DEMENNA and CHEM-CHEK     :
CONSULTING, INC.,                   :
                                    :
        Counterclaim Defendants.    :
                                    :
------------------------------------x


    Defendants Buck Scientific, Inc. ("Buck Scientific"),

Robert J. Anderson ("Robert Anderson") and Eric Anderson,

by their attorneys, Law Offices of George P. Birnbaum, for

their Answer and Counterclaims to plaintiffs' second

amended complaint dated December 6, 2007 (the "Second

Complaint"), hereby admit, deny and allege as follows:

1-2.    Deny the allegations in paragraphs 1 and 2 of the Amended Complaint, except admit that plaintiffs purport to seek relief and bring the Second Complaint on the theories contained therein.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Second Complaint.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Second Complaint.

5.    Admit the allegations in paragraph 5 of the Second Complaint.

6.    Admit the allegations in paragraph 6 of the Second Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Second Complaint.

8.    Deny the allegations in paragraph 8 of the Second Complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Second Complaint.

10.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Second Complaint.

11.   Admit the allegations in paragraph 11 of the Second Complaint.

12.   Admit the allegations in paragraph 12 of the Second Complaint.

13.   Admit the allegations in paragraph 13 of the Second Complaint, except deny the allegation regarding Robert Anderson's residence, which is 120 Old Saugatuck Road, East Norwalk, Connecticut.

14.   Admit the allegations of the first sentence of paragraph 14 of the Second Complaint, but deny the allegations in second sentence of paragraph 14 of the Second Complaint.

15.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Second Complaint, except admit that Dan Willoughby has served as an independent sales representative for Buck Scientific.

16.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Second Complaint.

17.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Second Complaint.

18.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Second Complaint, except admit that, in or prior to 1992, Buck Scientific discussed entering into a consultancy relationship with plaintiff Gerald DeMenna ("DeMenna").

19.   Admit the allegations in the first sentence of paragraph 19 of the Second Complaint, but deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 19, except that while admitting that DeMenna's consultancy with Buck Scientific was non-exclusive with respect to endeavors which were not in competition with Buck Scientific, deny any implication that DeMenna could consult for Buck Scientific while working in direct competition with Buck Scientific.

20.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Second Complaint, except admit that DeMenna received the stated weekly stipend, a percentage of sales and reimbursement of travel expenses.

21.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Second Complaint.

22.  Deny the allegations in paragraph 22 of the Second Complaint.

23.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Second Complaint, except admit that DeMenna became involved in the referenced transaction.

24.  With respect to paragraph 24 of the Second Complaint, admit that DeMenna became involved in the referenced transaction, but deny that paragraph 24 accurately or fully describes the transaction or DeMenna's involvement.

25.  With respect to paragraph 25 of the Second Complaint, admit that DeMenna became involved in the referenced transaction, but deny that paragraph 25 accurately or fully describes the transaction or DeMenna's involvement.

26.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Second Complaint, but deny that paragraph 26 accurately or fully describes the transaction or DeMenna's involvement.

27.  Deny the allegations in paragraph 27 of the Second Complaint.

28.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Second Complaint.

29.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Second Complaint, except admit that defendant Eric Anderson had dealings with agents of the Federal government concerning the referenced transaction and aver that Buck Scientific complied fully with the instructions of such agents.

30.  Admit the allegations in paragraph 30 of the Second Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 that no other Buck Scientific personnel were "on site" at that time.

31.  Admit the allegations in paragraph 31 of the Second Complaint.

32.  Admit the allegations in paragraph 32 of the Second Complaint, except deny plaintiff "attempted to explain the situation" to defendant Eric Anderson, deny that defendants "refused to listen" and deny the

implication that Buck Scientific had any obligation to
allow DeMenna to oppose the termination of his consultancy.

33.   Deny the allegations in paragraph 33 of the
Second Complaint.

34.   Deny the allegations in paragraph 34 of the
Second Complaint, except admit that DeMenna was told that
when he returned the substantial number of pieces of Buck
Scientific property in his possession, he would be allowed
to remove from the premises of Buck Scientific certain
computers and other items DeMenna purported to own.

35.   Deny knowledge or information sufficient to form
a belief as to the truth of the allegations in paragraph 35
of the Second Complaint.

36.   Deny the allegations in paragraph 36 of the
Second Complaint, except admit that defendant Robert
Anderson retained the keys to DeMenna's automobile when
DeMenna was given the keys to a Buck Scientific truck to
allow DeMenna to collect and return Buck Scientific
property.

37.   Deny knowledge or information sufficient to form
a belief as to the truth of the allegations in paragraph 37
of the Second Complaint, except admit that DeMenna brought
a Connecticut police officer to Buck Scientific on or after

June 19, 2007, to supervise the parties' exchange of
property.

    38.  Deny knowledge or information sufficient to form
a belief as to the truth of the allegations in paragraph 38
of the Second Complaint, except admit that DeMenna brought
a Connecticut police officer to Buck Scientific on or after
June 19, 2007, to supervise the parties' exchange of
property, and that the parties executed the lists of
property prepared by DeMenna.

    39.  Deny the allegations in paragraph 39 of the
Second Complaint, except deny knowledge or information
sufficient to form a belief as to the truth of the
allegations as to the contents contained on the "memory
card" referred to.

    40.  Deny the allegations in paragraph 40 of the
Second Complaint, and respectfully refer this Court to the
referenced documents and their context for the contents,
force and effect thereof.

    41.  Deny knowledge or information sufficient to form
a belief as to the truth of the allegations in paragraph 41
of the Second Complaint, except admit that Buck Scientific
deleted files containing Buck Scientific's proprietary and
Company-created operating system software to prevent