134. Deny the allegations in paragraph 134 of the Second Complaint.

135. Deny the allegations in paragraph 135 of the Second Complaint.

136. Deny the allegations in paragraph 136 of the Second Complaint.

137. Deny the allegations in paragraph 137 of the Second Complaint.

138. Deny the allegations in paragraph 138 of the Second Complaint.

139. Deny the allegations in paragraph 139 of the Second Complaint.

140. Deny that plaintiff is entitled to the relief sought by paragraph 140 of the Second Complaint.

141. Repeat and reallege their answers to the allegations in paragraphs 1 through 140 of the Second Complaint as if fully set forth at length herein.

142. Deny the allegations in paragraph 142 of the Second Complaint.

143. Deny the allegations in paragraph 143 of the Second Complaint.

144. Deny the allegations in paragraph 144 of the Second Complaint.

145. Deny that plaintiff is entitled to the relief sought by paragraph 145 of the Second Complaint.

146. Repeat and reallege their answers to the allegations in paragraphs 1 through 145 of the Second Complaint as if fully set forth at length herein.

147. Deny the allegations in paragraph 147 of the Second Complaint.

148. Deny the allegations in paragraph 148 of the Second Complaint.

149. Deny the allegations in paragraph 149 of the Second Complaint.

150. Deny the allegations in paragraph 150 of the Second Complaint.

151. Deny that plaintiff is entitled to the relief sought by paragraph 151 of the Second Complaint.

FOR A FIRST AFFIRMATIVE DEFENSE

152. The Second Complaint and/or its individual purported causes of action fail to state a claim for relief.

FOR A SECOND AFFIRMATIVE DEFENSE

153. This Court lacks personal jurisdiction over defendants Robert J. Anderson and Eric Anderson.

FOR A THIRD AFFIRMATIVE DEFENSE

154. The venue chosen by plaintiffs is improper.

### FOR A FOURTH AFFIRMATIVE DEFENSE

155. The Court lacks subject matter jurisdiction.

### FOR A FIFTH AFFIRMATIVE DEFENSE

156. Defendants were never under any obligation to continue plaintiff DeMenna's consultancy.

### FOR A SIXTH AFFIRMATIVE DEFENSE

157. Any statements made or actions taken by defendants were covered by one or more qualified privileges.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

158. DeMenna provoked his own purported injuries, if any, and such provocation, whether termed assumption of risk, contributory negligence or some other legal theory, bars any recovery by him.

### FOR AN EIGHTH AFFIRMATIVE DEFENSE

159. DeMenna's own fraud bars any recovery by him.

### FOR A NINTH AFFIRMATIVE DEFENSE

160. DeMenna's illegal acts bar any recovery by him.

### FOR A TENTH AFFIRMATIVE DEFENSE

161. DeMenna's claims are barred by the statute of frauds.

### FOR AN ELEVENTH AFFIRMATIVE DEFENSE

DeMenna's claims are barred by the truth of the issue.

### FOR A TWELFTH AFFIRMATIVE DEFENSE

163. DeMenna's claims are barred by the counterclaims of Buck Scientific, as stated below.

### FOR A THIRTEENTH AFFIRMATIVE DEFENSE

164. DeMenna's claims of unfair trade practices are barred by the lack of consumer injury.

### FOR A FOURTEENTH AFFIRMATIVE DEFENSE

165. DeMenna's request for injunctive relief violates the United States Constitution.

### FOR A FIFTEENTH AFFIRMATIVE DEFENSE

166. The computer privacy claims of plaintiff based on statute fail for lack of any private right of action.

### FOR A SIXTEENTH AFFIRMATIVE DEFENSE

167. The computer trespass claims fail based on lack of ownership by plaintiffs, ownership of the computer(s) by defendant Buck Scientific, Inc., or defendants' good faith or reasonable belief, or honest mistake, regarding ownership.

### FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

168. The computer trespass claims fail in that any allegedly improper access was justified, reasonable, or pursuant to a good faith or reasonable belief that any alleged access was permissible.

### FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

169. The computer trespass claims fail in that any allegedly improper access was not opposed or objected to, and was consented to, conceded, authorized or permitted by plaintiff DeMenna.

### FOR A NINTEENTH AFFIRMATIVE DEFENSE

170. The computer trespass and privacy claims fail in that any allegedly improper access was not done for commercial advantage, private gain, or used in or for any other matter beyond this dispute, and defendants made no public disclosure of plaintiffs' allegedly private information.

### FOR A TWENTIETH AFFIRMATIVE DEFENSE

171. The computer trespass and privacy claims fail in that there was no malicious, reckless or negligent destruction of plaintiffs' allegedly private information.

### FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

172. The computer trespass and privacy claims fail in that defendants maintained or retained ownership to all proprietary and confidential information of Buck Scientific, Inc.

FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

173.  Any loss, damages or injury to plaintiffs was not caused by any acts, omissions or other conduct of defendants.

FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

174.  The computer privacy claims fail in that plaintiffs had no reasonable expectation of privacy in the information purportedly accessed by defendants.

COUNTERCLAIMS

175.  Counterclaim plaintiff is Buck Scientific, Inc.

176.  Counterclaim defendant is Gerald J. DeMenna ("DeMenna").

FOR A FIRST COUNTERCLAIM
(For Conversion of Corporate Opportunities)

177.  Upon information and belief, commencing at a time unknown but continuing until at least June 18, 2007, counterclaim defendant DeMenna illegally converted to his own use and profit, and to the use and profit of at least one competitor of Buck Scientific, valuable corporate sales "leads" and other opportunities belonging to Buck Scientific, Inc.

178.  By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to

23

be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars.

179. Counterclaim defendant's actions, as aforesaid, work a public wrong by, inter alia, casting actions of business consultants in an adverse light with respect to their faithfulness and honesty, and thereby warrant an award of punitive damages in an amount to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars.

FOR A SECOND COUNTERCLAIM
(For Breach of Consultancy Agreement)

180. Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 175 through 179 of the counterclaims.

181. By his actions as aforesaid, counterclaim defendant DeMenna has breached his consultancy agreement with Buck Scientific, including without limitation the obligations of good faith, fair dealing and loyalty owed to Buck Scientific by DeMenna.

182. By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars.

FOR A THIRD COUNTERCLAIM
(For Conversion of Buck Scientific's
Proprietary Business Information)

183. Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 175 through 179 and 181 through 182 of the counterclaims.

184. Upon information and belief, commencing at a time unknown but on or before June 18, 2007, and continuing to date, counterclaim defendant DeMenna has illegally converted to his own use and profit, certain confidential and proprietary business information owned by Buck Scientific.

185. By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars.

186. Counterclaim defendant's actions, as aforesaid, work a public wrong by, inter alia, casting actions of business consultants in an adverse light with respect to their faithfulness and honesty, and thereby warrant an award of punitive damages in an amount to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars.

FOR A FOURTH COUNTERCLAIM
(For Injunctive Relief)

187. Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 175 through 179, 181 through 182, and 184 through 186 of the counterclaims.

188. Unless counterclaim defendant DeMenna is enjoined by this Court, preliminarily and permanently, from continuing to profit from his diversion of the corporate opportunities and his conversion of confidential and proprietary business information belonging to Buck Scientific, Buck Scientific's business will be irreparably injured.

189. Buck Scientific has no adequate remedy at law.

190. By reason of the foregoing, counterclaim defendant DeMenna should be enjoined by this Court, both preliminarily and permanently, from any use of the corporate opportunities and proprietary business information of Buck Scientific.

FOR A FIFTH COUNTERCLAIM
(For Interference with Prospective Business Relations)

191. Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 175 through 179, 181 through 182, 184 through 186, and 188 through 190 of the counterclaims.

192. By reason of his consultancy with Buck Scientific, counterclaim defendant DeMenna came into possession of certain confidential and proprietary business information owned by Buck Scientific, including without limitation, specific "leads" to prospective customers of Buck Scientific.

193. Counterclaim defendant DeMenna was aware that Buck Scientific had paid for the aforesaid customer "leads."

194. Counterclaim defendant DeMenna was aware that the aforesaid customer "leads" were held in confidence and constitute proprietary business information of Buck Scientific, to which counterclaim defendant DeMenna had access only by reason of his consultancy agreement with Buck Scientific.

195. Counterclaim defendant DeMenna actionably interfered with Buck Scientific's prospective business relations by attempting to divert the aforesaid customer "leads" to at least one other company and thereby make a personal profit for counterclaim defendant DeMenna.

196. Counterclaim defendant DeMenna was aware that he was mis-using Buck Scientific's confidential and proprietary business information by attempting to divert