the aforesaid customer "leads" and convert them to counterclaim defendant DeMenna's own use and profit.

197.   In furtherance of his interference with Buck Scientific's prospective business relations, counterclaim defendant DeMenna maliciously spread false information that Buck Scientific was going to be sold or go out of business, the purpose of which was to divert Buck Scientific's customers and prospective customers to counterclaim defendant DeMenna's own use and profit.

198.   Counterclaim defendant DeMenna's actions, as aforesaid, constitute actionable interference with Buck Scientific's prospective business relations.

199.   By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars.

200.   Counterclaim defendant DeMenna's actions, as aforesaid, work a public wrong by, <u>inter alia</u>, casting the actions of business consultants in an adverse light with respect to their faithfulness and honesty, and thereby warrant an award of punitive damages in an amount to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars.

FOR A SIXTH COUNTERCLAIM
(For Theft of Phone Records and Violation of
Privacy of Confidential Communications Records)

201. Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 175 through 179, 181 through 182, 184 through 186, 188 through 190, and 192 through 200 of the counterclaims.

202. Upon information and belief, on a date to be determined in 2007, counterclaim defendant DeMenna falsely and fraudulently obtained copies of Buck Scientific's telephone records by causing Buck Scientific's telephone provider to send such telephone records to counterclaim defendant DeMenna's own address.

203. Upon information and belief, counterclaim defendant DeMenna improperly obtained Buck Scientific's telephone records, as aforesaid, in order to ascertain the telephone numbers of Buck Scientific's customers and prospective customers, and thereby once again to attempt to divert Buck Scientific's customers and prospective customers to counterclaim defendant DeMenna's own use and profit.

204. Upon information and belief, the actions of counterclaim defendant DeMenna in falsely and fraudulently obtaining Buck Scientific's telephone and communications

29

records, and thereafter converting them to his own use and profit, was done intentionally, knowingly and without authorization from Buck Scientific.

205. Counterclaim defendant DeMenna's fraud in connection with obtaining Buck Scientific's telephone and communications records was, *inter alia*, a violation of 18 U.S.C. §1039 and New York General Business Laws ¶399-dd.

206. By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars.

207. Counterclaim defendant DeMenna's actions, as aforesaid, work a public wrong by, *inter alia*, casting actions of business consultants in an adverse light with respect to their faithfulness and honesty, and thereby warrant an award of punitive damages in an amount to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars.

FOR A SEVENTH COUNTERCLAIM
(Deceptive Business Practices)

208. Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 175 through 179, 181 through 182, 184 through 186, 188 through 190, 192 through 200, and 202 through 207 of the counterclaims.

30

209. Counterclaim defendant DeMenna's illegal, false and fraudulent actions in obtaining Buck Scientific's telephone and communications records in an attempt to convert Buck Scientific's customers and prospective customers to counterclaim defendant DeMenna's own use and profit, constitute deceptive acts and practices in the conduct of a business, trade and commerce in New York in violation, inter alia, of Section 349 of the New York General Business Laws Article 22-A.

210. By engaging in the acts and practices alleged hereinabove with respect to Buck Scientific's telephone and communications records, counterclaim defendant DeMenna repeatedly and persistently engaged in deceptive business practices in violation, inter alia, of the New York General Business Laws §349.

211. Counterclaim defendant DeMenna's conduct with respect to Buck Scientific's telephone and communications records, as aforesaid, also constitutes a violation of the Connecticut Unfair Trade Practices Act, thereby entitling counterclaim plaintiff to treble damages as well as a reasonable attorney's fee.

212. By reason of the foregoing, counterclaim plaintiff Buck Scientific has been damaged in an amount to

be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars.

213.  Counterclaim defendant DeMenna's actions, as aforesaid, work a public wrong by, <u>inter alia</u>, casting actions of business consultants in an adverse light with respect to their faithfulness and honesty, and thereby warrant an award of punitive damages in an amount to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars.

### FOR AN EIGHTH COUNTERCLAIM
### (For Injunctive Relief)

214.  Counterclaim plaintiff repeats and realleges the allegations contained in paragraphs 175 through 179, 181 through 182, 184 through 186, 188 through 190, 192 through 200, 202 through 207, and 209 through 213 of the counterclaims.

215.  Unless counterclaim defendant DeMenna is enjoined by this Court, preliminarily and permanently, from continuing to profit from his having falsely and fraudulently obtained the telephone and communications records belonging to Buck Scientific, Buck Scientific will be irreparably injured.

216.  Buck Scientific has no adequate remedy at law.

217. By reason of the foregoing, counterclaim defendant DeMenna should be enjoined by this Court, both preliminarily and permanently, from using, selling, transferring or profiting from any corporate opportunity arising from the telephone and communications records belonging to Buck Scientific or from such telephone and communications records themselves.

WHEREFORE, defendants-counterclaim plaintiff demand judgment:

(a) dismissing plaintiff's complaint, and for the costs and expenses of this action, including a reasonable attorney's fee;

(b) for judgment on the first counterclaim against DeMenna in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars, as well as punitive damages to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars;

(c) for judgment on the second counterclaim against DeMenna in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars;

(d)  for judgment on the third counterclaim against DeMenna in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars, as well as punitive damages to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars;

(e)  for judgment on the fourth counterclaim against DeMenna enjoining him, both preliminarily and permanently, from using, selling, transferring or profiting from any corporate opportunity arising from Buck Scientific's proprietary business information or from such proprietary business information itself;

(f)  for judgment on the fifth counterclaim against DeMenna in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars, as well as punitive damages to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars;

(g)  for judgment on the sixth counterclaim against DeMenna in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars, as well as punitive damages to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars;

(h)  for judgment on the seventh counterclaim against DeMenna in an amount to be determined by this Court, but in no event less than Three Hundred Thousand ($300,000) Dollars, as well as punitive damages to be determined by this Court, but in no event less than Three Million ($3,000,000) Dollars;

(i)  for judgment on the eighth counterclaim against DeMenna enjoining him, both preliminarily and permanently, from using, selling, transferring or profiting from any corporate opportunity arising from the telephone and communications records belonging to Buck Scientific or from such telephone and communications records themselves; and

(j)  for such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        February 1, 2008

                                LAW OFFICES OF GEORGE BIRNBAUM
                                Attorneys for Defendants/
                                Counterclaim Plaintiff

                                By: _____
                                    George P. Birnbaum [GPB 5375]
                                    Michael L. Ferch [MLF 6211]
                                    130 West 57th Street/#5B
                                    New York, New York 10019
                                    Telephone:  (212) 956-1313
                                    Facsimile:  (212) 956-4596

TO: FISCHER, PORTER & THOMAS, P.C.
    Attorneys for Plaintiff-Counterclaim
    Defendant Gerald J. DeMenna
    440 Sylvan Avenue, Suite 130
    Englewood Cliffs, New Jersey 07632-2700
    Telephone: (201) 569-5959
    Facsimile: (201) 871-4544

## Certificate of Service

I, Michael Ferch, hereby certify that on this date, a copy of the within Defendants' Answer to Second Amended Complaint and Counterclaims, and this Certificate of Service were sent via overnight delivery to:

> Arthur L. Porter, Jr., Esq.
> Fischer Porter & Thomas, P.C.
> Attorneys for Plaintiff
> 440 Sylvan Avenue, Suite 130
> Englewood Cliffs, New Jersey 07632
> (201) 569-5959

> LAW OFFICES OF GEORGE BIRNBAUM
> Attorneys for Defendants/
> Counterclaim Plaintiff
> 130 West 57th Street/#5B
> New York, New York 10019
>
> By: _____
>      Michael L. Ferch

Dated: February 1, 2008